IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| CURTIS MITCHELL, | : | |
| Plaintiff | : | |
| VS. | : | |
| DR. SPAIN, *et al.*, | : | CIVIL ACTION NO. 1:04-cv-106(WLS) |
| Defendants | : | **RECOMMENDATION** |

On October 7, 2004, plaintiff **CURTIS MITCHELL** was instructed to file a supplement to his originally filed civil rights complaint because the complaint was incomplete. On November 12, 2004, the Court received plaintiff's supplement.

*I. STANDARD OF REVIEW*

*A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without

regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting **Hishon v. King & Spalding**, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. BACKGROUND

Plaintiff alleges in his complaint that, upon being incarcerated at the Dougherty County Jail, plaintiff informed defendant Dr. Spain of his diabetic condition and the name and dosage of the medication which plaintiff's private practitioner prescribed for plaintiff. Plaintiff complains that Dr. Spain changed his medication and that this change in medication has caused him to experience headaches, blurred vision, dizziness, and swollen feet. Plaintiff states he also informed defendant Nurse Peggy Chester of his situation, but to no avail. Plaintiff attributes the switch in medication to budget concerns.

In addition to Dr. Spain and Nurse Chester, plaintiff names as defendants Sheriff Jamil Saba, Jail Administrator Dan Haggerty, and Prison Health Services ("PHS").

## III. DISCUSSION

### A. PHS

Although it is not clear from plaintiff's complaint why he names PHS as a defendant,

presumably it is because PHS provides all Dougherty County Jail medical personnel. A medical contractor is liable for damages only if plaintiff can show that the alleged constitutional deprivation occurred as a direct result of its official policies or customs. *See Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir.1997) (holding that when a private corporation acts on behalf of a municipality, then that entity should be treated as a municipality). In this instance, plaintiff does not allege that PHS had a policy or custom of limiting access to proper medical treatment to Georgia state prisoners. It is well-established that a "defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis." *Harvey v. Harvey*, 949 F.2d 1127, 1129-30 (11th Cir. 1992). Therefore, PHS cannot be held liable for the action or inaction of its employees or agents in this section 1983 action. Accordingly, it is **RECOMMENDED** that plaintiff's claims against PHS be **DISMISSED** and that PHS be **DISMISSED** as a defendant herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### B.  Jamil Saba and Dan Haggerty

Even though the Court, in its October 7th order, directed plaintiff to describe, with specificity, the actions taken by each of the named defendants that allegedly violated his constitutional rights, plaintiff makes no allegations of any specific acts or omissions committed by defendants Saba or Haggerty. Plaintiff has in no way linked these defendants to the allegations in this complaint. In fact, these defendants are never mentioned in the body of plaintiff's complaint or supplement. *Respondeat superior* is not a sufficient basis for imposing liability under section1983. *Rogers v.*

*Evans,* 792 F. 2d 1052 (11th Cir. 1986).  Accordingly, it is **RECOMMENDED** that plaintiff's claims against Saba and Haggerty be **DISMISSED** and that they be **DISMISSED** as defendants herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### C.  *Nurse Chester*

Although plaintiff indicates that he explained his medical needs to Nurse Chester, plaintiff has failed to allege that Nurse Chester had any responsibility with respect to plaintiff's medication. According to plaintiff, Dr. Spain changed his medication and presumably Nurse Chester had no authority to overrule the physician.  Consequently, it is **RECOMMENDED** that plaintiff's claim against Nurse Chester be **DISMISSED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### D.  *Dr. Spain*

By separate order, the Court has allowed plaintiff's claim against Dr. Spain to go forward.

**SO RECOMMENDED**, this 20th day of December, 2004.

/s/ Richard L. Hodge  
RICHARD L. HODGE  
UNITED STATES MAGISTRATE JUDGE