IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| CURTIS MITCHELL, | : | |
| Plaintiff | : | |
| VS. | : | 1 : 04-CV-106 (WLS) |
| DR. SPAIN, | : | |
| Defendant. | : | |

## RECOMMENDATION

Presently pending in this § 1983 action is the defendant's Motion for Summary Judgment. The undersigned notified the plaintiff of the filing of the defendant's motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order.

The plaintiff filed this action in July 2004, alleging that upon his incarceration at the Dougherty County Jail, defendant Dr. Spain changed his diabetes medication, causing him to experience headaches, blurred vision, dizziness, and swollen feet. The plaintiff has responded to the defendant's Motion for Summary Judgment.

*Standard of Review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the

nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); <u>Van T. Junkins & Assoc. v. U.S. Industries, Inc.</u>, 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986); <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604 (11th Cir. 1991). Defendant Dr. Spain has supported his motion with his affidavit, as well as the affidavit of Peggy Chester, Health Services Administrator for the Dougherty County Jail, and the pertinent portions of plaintiff's prison/jail medical records.

At all times relevant to this complaint, defendant Dr. Spain was under contract with Prison Health Services to serve as the medical director of the Dougherty County Jail.  Plaintiff was received into the Dougherty County Jail on January 17, 2004.  Dr. Spain contends, supported by the plaintiff's medical records, that the plaintiff was seen and treated for his diabetes by the jail medical staff on a daily basis from the day he arrived at the jail.  Dr. Spain states in his affidavit that he "made multiple modifications to his diabetes treatment plan based on fluctuations in Mr. Mitchell's blood sugar readings.  These treatment modifications were necessary to ensure Mr. Mitchell's diabetes remained stable."  Spain affidavit at ¶ 9.

In his affidavit filed in response to Dr. Spain's summary judgment motion, the plaintiff states that prior to his incarceration beginning in January 2004, he had received specific medications for his hypertension and diabetes from a private treating physician and that upon his incarceration at the Dougherty County Jail, he was prescribed different medications.  The plaintiff maintains that the medications prescribed by Dr. Spain resulted in headaches, blurred

vision, and swelling.  The plaintiff states that he "never received my potassium, water pill, or Humulin N as previously prescribed.  As a direct result, I suffered 'extreme' shifts in my blood glucose levels from high levels to very low levels, which caused weakness, blurred vision, diarrhear [sic] , and other sickness during my incarceration that I would not have otherwise experienced if I had received my previously prescribed medication, and which I did not ever experience with such medication."  Plaintiff's affidavit at ¶ 14.

"[T]he question whether an x-ray -- or additional techniques or forms of treatment -- is indicated is a classic example of a matter for medical judgment.  A medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment." Estelle v. Gamble, 429 U.S. 97,107 (1976).  Rather, deliberate indifference "requires that the actor recklessly ignore the medical situation in the face of information that a reasonable person would know requires action." Howell v. Evans, 922 F.2d 712, 720 (11th Cir. 1991), *rev'd. on other grounds,* 12 F.3d 190 (1994).  To the extent that the plaintiff disagrees with the course of treatment provided by the defendant, such disagreement over the proper course of medical treatment will not support a claim of deliberate indifference. "Mere incidents of negligence or malpractice do not rise to the level of constitutional violations.  Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citations omitted). There is no disagreement herein as to the facts underlying this lawsuit; both the plaintiff and the defendant agree that Dr. Spain changed the plaintiff's medications upon his entry into the Dougherty County Jail, and that the plaintiff received regular treatment and medication for his conditions.  Plaintiff's sole disagreement is with the

course of treatment chosen by Dr. Spain, a disagreement which will not support the allegations of constitutional violation herein. The court notes that "as with all medical care provided to prisoners, it is not constitutionally required that [such] health care be 'perfect, the best obtainable, or even very good'".  Id. at 1510.

Accordingly, it is the recommendation of the undersigned that the defendant's Motion for Summary Judgment be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 3rd day of February, 2006.

       /s/ **Richard L. Hodge**
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb